**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MOUSA I. DABABNAH,
<u>Plaintiff-Appellee,</u>

v.

ROBERT A. BURNSIDE,
<u>Defendant-Appellant,</u>

and

WEST VIRGINIA BOARD OF MEDICINE;
RONALD D. WALTON; SHARAN B.
DABABNAH; RICHARD GUNNOE;
ZIEGLER & GUNNOE, a Legal
Partnership; A. PAUL BROOKS, JR.,
M.D.; SARJIT SINGH, M.D.; HENRY

G. TAYLOR, M.D.; R. CURTIS
ARNOLD, D.P.M.; BRUCE L. BERRY,
M.D.; AHMED D. FAHEEM, M.D.;
MICHAEL GROME; GEORGE G.
GUTHRIE; MARY BOYD KEARSE;
PHILLIP B. MATHIAS, M.D.; STEPHEN
PERKINS, M.D.; CARMEN R. REXRODE,
M.D.; LEONARD SIMMONS, D.P.M.;
LEE ELLIOTT SMITH, M.D.; DEBRA
LEWIS RODECKER; LESLIE
HIGGINBOTHAM; KIT T. HUDGINS;
UNITED STATES OF AMERICA,
<u>Defendants.</u>

No. 99-2051

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
David A. Faber, District Judge.
(CA-98-639-5)

Argued: April 6, 2000

Decided: May 12, 2000

Before WILKINSON, Chief Judge, MOTZ, Circuit Judge,
and HAMILTON, Senior Circuit Judge.

_____

Reversed and remanded by unpublished per curiam opinion. Judge
Motz wrote an opinion concurring in the judgment.

_____

**COUNSEL**

**ARGUED:** John M. Hedges, BYRNE & HEDGES, Morgantown,
West Virginia, for Appellant. John Christian Yoder, Harpers Ferry,
West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Dr. Mousa Dababnah brought suit in federal district court seeking
injunctive and declaratory relief against Robert A. Burnside, the pre-
siding judge in Dababnah's divorce and child support proceedings in
West Virginia state court. The federal district court denied Burnside's
motion to dismiss, finding that neither the Rooker-Feldman doctrine
nor Younger abstention barred Dababnah's suit. See Dababnah v.
West Virginia Bd. of Med., 47 F. Supp. 2d 734, 744-51 (S.D.W.V.
1999). Because Dababnah is in essence seeking appellate review in
a federal district court of state court decisions in violation of Rooker-
Feldman, we reverse the district court's judgment and remand with

2

instructions to dismiss Dababnah's claims against Burnside for lack of subject matter jurisdiction.

## I.

Since April 18, 1994, Judge Robert Burnside has presided over Dr. Mousa Dababnah's divorce and child support proceedings in the Circuit Court of Raleigh County, West Virginia. Dababnah's instant suit against Burnside stems from Dababnah's belief that Judge Burnside continued to preside over these proceedings despite conflicts of interest. For example, Dababnah notes that while the civil proceedings were ongoing in Judge Burnside's court, Burnside's wife, Kristen Keller-Burnside, in her role as chief assistant prosecuting attorney for Raleigh County, participated in prosecuting Dababnah on a misdemeanor destruction of property charge.

In late 1997, Dababnah filed his first motion requesting that Judge Burnside recuse himself. Dababnah alleged conflict of interest and the appearance of impropriety because of the intertwining of the criminal case that Keller-Burnside was prosecuting with the civil divorce case over which her husband was presiding. Judge Burnside decided not to recuse himself. Pursuant to the West Virginia Trial Court Rules, the issue was referred to the Chief Justice of the West Virginia Supreme Court of Appeals. On August 29, 1997, the Chief Justice issued an order directing Burnside to continue presiding over Dababnah's domestic relations case.

On November 24, 1997, Dababnah filed suit in federal district court against Kristen Keller-Burnside. Dababnah then twice more requested Judge Burnside to recuse himself. Burnside denied both motions and again forwarded them to the Chief Justice of the West Virginia Supreme Court of Appeals. And again, the Chief Justice upheld Burnside's decisions. Dababnah also alleges that Judge Burnside has retaliated against him, including cutting off criminal appointments to one of his attorneys, postponing a hearing, and not allowing him access to certain court documents.

In late 1998, Dababnah filed suit against Judge Burnside in federal district court seeking declaratory and injunctive relief under 42 U.S.C. § 1983 and § 1985. Dababnah alleges that Burnside violated his First,

3

Fifth, and Fourteenth Amendment rights and conspired to deny him access to federal court. Burnside filed a motion to dismiss based on the Rooker-Feldman doctrine and Younger abstention. The district court denied his motion. See Dababnah, 47 F. Supp. 2d at 744-51. Burnside now appeals.

II.

"[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); see also Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Dababnah's instant suit asks the federal district court in essence to do just that -- to review West Virginia judicial decisions finding that Judge Burnside need not recuse himself. We disagree with the district court that Dababnah is seeking relief for the violation of an independent right such that Rooker-Feldman would not apply. Dababnah rather is seeking to relitigate the recusal issue. For example, Dababnah asks the federal district court to declare "that the defendant Robert A. Burnside has a conflict of interest," and to "enjoin[ ] defendant Burnside from continuing to preside over or exercise control over the" child support proceedings.

This issue has already been litigated in the state courts -- three times. Dababnah submitted three recusal motions. On all three occasions, Judge Burnside declined to recuse himself. Moreover, pursuant to the procedures specified by the West Virginia Trial Court Rules, the Chief Justice of the West Virginia Supreme Court of Appeals reviewed all three of the judge's decisions. Granting Dababnah the relief that he now seeks in federal district court would require the federal district court to overturn these state court judgments. This, however, is what Rooker-Feldman forbids.

We express no view on the merits of Dababnah's allegations of conflict of interest on the part of Judge Burnside. Under Rooker-Feldman, our sole inquiry is whether the federal district court is being asked to review a state court decision. And having found that this is the case, we hold only that the federal district court has no subject matter jurisdiction over Dababnah's instant suit.

4

III.

For the foregoing reasons, the judgment of the district court is reversed and remanded with instructions to dismiss Dababnah's claims against defendant Burnside for want of jurisdiction.

REVERSED AND REMANDED

DIANA GRIBBON MOTZ, Circuit Judge, concurring in the judgment:

Because it is not entirely clear to me that Dababnah merely seeks Judge Burnside's recusal, I would not find that the Rooker-Feldman doctrine deprives a federal court of jurisdiction over this action. Younger abstention, however, is appropriate in view of the ongoing state court proceedings, which implicate important state interests, and which provide Dababnah an opportunity to raise any federal constitutional claims. See Kugler v. Helfant, 421 U.S. 117, 130-31 (1975) (Younger abstention held appropriate in action by state court judge, seeking to enjoin state criminal proceedings against him, rejecting plaintiff's suggestions of impossibility of receiving fair trial in state system).

Accordingly, I concur in the court's judgment.

5